IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| J. Doe, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21 CV 50326 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Suppressed, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs' "Verified Motion to Proceed Under a Pseudonym" [3], is denied. Plaintiff's "Request for Continued Sealing of this Document Beyond 7 Days under L.R. 26.2" [4], is denied. If Plaintiff wishes to proceed with this litigation, Plaintiff has 14 days to file an amended complaint with a proper caption under Fed. R. Civ. P. 10(a), including Plaintiff's real name. In the interim, the Clerk is directed to unseal the case.

## STATEMENT/OPINION

Pro se Plaintiff J. Doe has brought a lengthy complaint against various public entities, elected officials, and individuals alleging violations of Plaintiff's constitutional rights, including, among other things, violations of the Americans with Disabilities Act ("ADA"), stemming from a landlord dispute and issues concerning Plaintiff's service dog. Plaintiff has provisionally filed documents in the case under seal. Pending before this Court is Plaintiff's motion to proceed under a pseudonym [3], and motion for continued sealing of the filings [4].[1] For the foregoing reasons, Plaintiff's motions [3], [4], are denied.

In Plaintiff's motion to proceed under a pseudonym, Plaintiff seeks to "limit the harm already caused by Defendants' actions and reckless publishing of private, privileged, confidential and sensitive information about [Plaintiff]." Plaintiff further argues the litigation here will involve the disclosure of "stigmatizing" medical information, including that of [Plaintiff's] disability. Federal Rule of Civil Procedure 10(a) orders that judicial proceedings are to be conducted publicly: "Every pleading must have a caption with the court's name, title, a file number, and a Rule 7(a) designation. The title of the complaint *must name all the parties*; the title of other pleadings, after

---

[1] Plaintiff has also filed an application to proceed *in forma pauperis* [2], and an amended application to proceed *in forma pauperis* [6]. These motions will be taken up by the District Judge.

1

naming the first party on each side, may refer generally to other parties." Rule 10(a) (emphasis added). In support of Plaintiff's position, Plaintiff cites to *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869 (7th Cir. 1997), which the Court finds instructive. In *Doe*, the Seventh Circuit notes that "[t]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Id*. at 872. And "[i]dentifying the parties to the proceedings is an important dimension of publicness. The people have a right to know who is using their courts." *Id*. The *Doe* court goes on to acknowledge that there are exceptions to the rule of publicness, including, among other things, the protection of state secrets, trade secrets, and when necessary to protect the privacy of children and rape victims. *Id. See also Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (court notes that the Seventh Circuit has found previously that a plaintiff's fear of disclosure of "medical and psychiatric information through litigation was insufficient to warrant the plaintiff's anonymity").

The Court finds that Plaintiff has not met Plaintiff's burden of showing "exceptional circumstances" to warrant proceeding anonymously. While the Court understands and appreciates Plaintiff's concerns in revealing personal, medical information in order to support the ADA claims contained in the complaint, that potential embarrassment, standing alone, does not outweigh the public policy in favor of identification of parties. The Court notes that claims brought under the ADA (which by their nature include personal and medical information) are brought publicly through the federal courts every day. Here, in the event litigation proceeds to discovery, Plaintiff will have the benefit of a HIPAA Qualified Protective Order which (1) "[p]rohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested," and (2) "[r]equires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding." 45 U.S.C. § 164.512(e)(1)(v). Plaintiff also argues that anonymity is necessary because Defendants (or their agents) manage necessary benefits for Plaintiff, and Plaintiff has alleged retaliation in the complaint. However, as Plaintiff has pointed out, Defendants already know Plaintiff's true identity; therefore, this argument is specious. For these reasons, Plaintiff's motion to proceed under a pseudonym [3], is denied.

Plaintiff also brings a motion to allow the documents filed in this case to remain under seal [4]. Under LR 5.7, if certain criteria are satisfied, the Clerk may accept filings under seal and restrict them for 7 days. Absent a Court order extending the 7-day restriction, the filings will become public. Litigants who wish their filing to be sealed are required to present "special circumstances" to the Court that put forth a necessity for the restriction. In Plaintiff's motion, Plaintiff argues that "special circumstances" warranting continued sealing have been presented to the Court in Plaintiff's motion to proceed under a pseudonym. Because the Court has found that no "exceptional circumstances" exist to warrant Plaintiff proceeding anonymously thereby allowing this case to be litigated publicly, the Court also finds no "special circumstances" exist and denies Plaintiff's request for the continued sealing of the documents in this case.

For the reasons set forth above, Plaintiffs' "Verified Motion to Proceed Under a Pseudonym" [3], is denied, and Plaintiff's "Request for Continued Sealing of this Document Beyond 7 Days under L.R. 26.2" [4], is denied. If Plaintiff wishes to proceed with this litigation, Plaintiff has 14 days to file an amended complaint with a proper caption under Fed. R. Civ. P. 10(a), including Plaintiff's real name. In the interim, the Clerk is directed to unseal the case.

Date: 09/03/2021                    ENTER:

*Margaret J. Schneider*

United States Magistrate Judge